IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| Jeremy Beebe,<br>　　　　Plaintiff,<br>vs.<br><br>State of Alaska, Dept of Corrections et al,<br>　　　　Defendant. | CASE NO: 1JU-21-00512CI<br><br>**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT** |

To Defendant: <u>State of Alaska, Dept of Corrections</u>

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at <u>123 4th Street PO Box 114100 Juneau, AK 99811</u> within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:
　　Plaintiff's attorney or plaintiff (if unrepresented): <u>Jeremy Beebe</u>
　　Address: <u>c/o LCCC
　　2000 Lemon Creek Rd
　　Juneau, AK 99801</u>

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf, to inform the court.
　　　　　　　　　　　　　　-OR-
If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

**NOTICE OF JUDICIAL ASSIGNMENT**

To: Plaintiff and Defendant

This case has been assigned to Judge <u>Amy G Mead</u>

(SEAL)

| | | CLERK OF COURT |
|---|---|---|
| <u>5/5/2021</u> | By: | <u>EEvans</u> Eric W. Evans |
| Date | | Deputy Clerk |

*The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.
I certify that on 　5/5/21　
a copy of this order was mailed or delivered to:



Clerk: 　　<u>EEvans</u>

Jeremy Beebe  /  pro se
#280866
LCCC, 2000 Lemon Creek Rd.
Juneau, AK           99801

RECEIVED
MAY 17 2021
Attorney General's Office
Juneau

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| JEREMY BEEBE,<br><br>           Plaintiff,<br><br>vs.,<br><br>STATE OF ALASKA, DEPARTMENT<br>OF CORRECTIONS, et. al.,<br>GERAD ANDREWS, S.S. Sgt. LCCC,<br>CHASTITY WILSON, Medical Department<br>Supervisor LCCC,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1JU-21-00512          CI<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## C O M P L A I N T

Plaintiff, Jeremy Beebe, appearing without the benefits of counsel pro se does thereby bring forth this complaint against named defendants, individually and/or collectively on all triable issues and for requested relief.

## JURISDICTION AND VENUE STATEMENT

1. Jurisdiction is appropriate in the superior court, first judicial district at Juneau, Alaska over the parties and subject matter and is authorized pursuant to AS 22.10.020 to hear and decide the case.

2. Venue is proper as the parties are located in Juneau, Alaska, first judicial district and may be represented by the Attorney General's Office for the State of Alaska if they qualify.

## PARTIES

3. Paragraphs 1-2 are incorporated as if fully set forth herein.

4. Jeremy Beebe plaintiff is an Alaska prisoner [#280866] and during all times relevant to this complaint was a resident of the State of Alaska and housed by the Department of Corrections at Lemon Creek Correctional Center in Juneau, Alaska.

5. The State of Alaska, Department of Corrections, et. al., are defendants to the extent necessary in this complaint.

6. Gerad Andrews, during all times relevant to this complaint was a resident of the State of Alaska, and held the position of Shift Sergeant overseeing operations throughout the "facility" from the Booking area at the Lemon Creek Correctional Center in Juneau, Alaska and is being sued in his individual and professional capacities.

7. Chastity Wilson, during all times relevant to this complaint was a resident of the State of Alaska, and held the position of Medical Department Supervisor, overseeing all medically related matters throughout the "facility" at the Lemon Creek Correctional Center in Juneau, Alaska and is being sued in her individual and professional capacities.

## STATEMENT OF THE CASE

8. Paragraphs 1-7 are incorporated as if fully set forth herein.

9. On 10/02/2019 as the plaintiff headed for the A.A. meeting room which was located in the Chapel, about 2030 hours, a group of other prisoner's and participants of the A.A. prgram were held up at the crashgate located just before entering what is known as POST 1 and Booking area entrance gate.

10. That while waiting for the gate to open the plaintiff spoke to his supposed friend Matthew Williams stating " we really missed you at the morning Bible study, DeJesus sure could have used a hand."

11. Suddenly and without warning prisoner Matthew Williams sucker-punched the plaintiff in the face, splitting his lip deeply and injuring his jaw.

12. The punch was so violent it knocked the plaintiff to the floor causing injuries to the plaintiff's hip, knee and lower back.

13. Plaintiff did not fight back, defend himself or otherwise engage in mutual combat, remaining passive.

14. When prisoner Matthew Williams assaulted the plaintiff and while he was on the floor he called the plaintiff "a rat."

15. Officer Tim Wilson arrived on the scene apparently witnessing the assault while in the Booking Office on videofeed, and escorted prisoner Matthew Willaims to the MAX security unit.

16. S.Sgt. Gerad Andrews also having witnessed the assault in real time via videofeed, arrived and escorted the plaintiff to the Booking area.

17. Once in the Booking area S.Sgt. Gerad Andrews told the plaintiff to "clean yourself up," and plaintiff did as instructed using the lavatory located in the intake/stripout room.

18. Once the plaintiff cleaned himself up his split lip continued to bleed, and S.Sgt. Gerad Andrews secured the plaintiff in what's called the "cage."

19. S.Sgt. Gerad Andrews then spoke to the plaintiff asking him why "did you

make fun of Matt's hand?"

20. Plaintiff explained that he meant no derrogatory or hurtful statement to prisoner Matthew Williams, and that [h]e had punched him alleging the plaintiff was "a rat."

21. Plaintiff requested that he contact medical to receive medical attention for the deeply split lip and other injuries.

22. Plaintiff also requested that since he was assaulted that his injuries be documented (like those before him) via photographs.

23. S.Sgt. Gerad Andrews refused both of plaintiff's requests, even after [h]e reiterated them numerous times, and that it was common knowledge that the requests were to occur without a prisoner requesting them.

24. Also common knowledge at this "facility" practiced that if the prisoner that was assaulted did not fight back, defend himself or otherwise engage in mutual combat, after the prisoner who was assaulted had been seen and cleared by medical personnel, was also cleared to return to his respective living unit.

25. Plaintiff was treated differently than those prisoners assaulted before him and instead of being returned to his respectively living unit was eventually stripped-out and taken to the MAX-Administrative Segregation Unit.

26. The way in which the plaintiff was treated by S.Sgt. Gerad Andrews was inconsistent with common knowledge and extremely perplexing to the plaintiff who asked questions and saught reasonable outcome given the situation in which he found himself in the Booking area.

27. At no time did medical address the requests for medical attention of the plaintiff, nor did prison officials document the injuries sustained as a result of being assaulted.

28. A clear and bonafide crime was perpetrated upon the plaintiff by prisoner Matthew Williams, and was allowed to go with no redress by prison officials.

-3-

Case 1:21-cv-00012-SLG   Document 1-1   Filed 06/21/21   Page 5 of 10   Exhibit 1, Page 5 of 10

29. Notwithstanding plaintiff's request to be seen by medical following the unprovoked assault upon him, on 10/03/2019 plaintiff submitted a Medical Request for Interview (herein after RFI) which was responded to by Chastity Wilson Medical Department Supervisor, one week later [10/10/2019] that he will "be seen by medical."

30. On 10/05/2019 plaintiff lodged another Medical RFI requesting medical attention/care, but again Chastity Wilson Medical Department Supervisor responded "you will be seen in medical."

31. On 10/08/2019 plaintiff submitted another Medical RFI for medical attention/care, and this RFI was not responded to, but merely scanned three days after request [10/11/2019].

32. Plaintiff submitted grievance(s) LC19-65 and LC19-66 reiterating the injuries inflicted upon him and that he was treated differently than those prisoners' assaulted before him by being placed into MAX-Administrative Segregation unit. These grievances were "screened" for various reasons given, and no redress of the injuries sustained the plaintiff, nor criminal charges brought against the assailant prisoner Matthew Williams by prison officials was ever instigated.

## CAUSES OF ACTION

CAUSE I:

33. Paragraphs 1-32 are incorporated as if fully set forth herein.

35. Defendant Gerad Andrews failed his duty of care by gross and wanton negligence in ignoring his duty to seek medical attention for the plaintiff. This inaction amounted deliberate indifference.

36. Defendant Gerad Andrews failed to follow correctional protocol when injuries were physically visible, by not properly documenting those injuries, nor inquiring of the plaintiff of other unobvious injuries, violating Alaska Department of Corrections policy & Procedure #808.17 V.B.

37. Defendant Gerad Andrews gross and wanton misconduct denied the plaintiff his

-4-

rights under the Fourteenth Amendment to the United States Constitution to Equal Protections of the law.

38. Defendant Gerad Andrews gross and wanton misconduct violated the plaintiff's rights under the Eighth Amendment to the United States Constitution to be free from "cruel and unusual punishment."

CAUSE II:

39. Paragraphs 1-38 are incorporated as if fully set forth herein.

40. Defendant Gerad Andrews gross and wanton misconduct denied the plaintiff his right to Due Process of Law.

41. Defendant Gerad Andrews gross and wanton misconduct was violative of his duty under Alaska Department of Corrections Policy & Procedure #202.01 Code of Ethical Professional Conduct, by refusing to provide professional and compassionate service, in contacting medical department to care for plaintiff, and his injuries following an unprovoked assault upon his person.

42. Defendant Gerad Andrews gross and wanton misconduct was violative of his duty as "quasi-law enforcement" to seek police involvement when a crime of assault had been perpetrated upon the plaintiff.

43. Defendant Gerad Andrews gross and wanton misconduct of ignoring the fact the plaintiff had been assaulted and sustained numerous visible and non-obvious injuries, was an attempt to withhold the truth of the assault and injuries, with deliberate indifference to the plaintiff's well-being, which caused emotional distress and unattened to injuries to go without medical intervention.

44. Defendant Gerad Andrews having seen the actual unprovoked assault upon the plaintiff, via videofeed security camera, and taking no action required by his duty of care, under color of law, should be considered complicit of the assault of the plaintiff according to Alaska Criminal Laws.

-5-

CAUSE III:

45. Paragraphs 1-44 are incorporated as if fully set forth herein.

46. Defendant Chastity Wilson, failed her duty of care, when finally she had been notified via RFI from plaintiff, by gross and wanton neligence, ignoring her duty to inquire into the complained of injuries caused by an assault upon the plaintiff. This inaction amounted to deliberate indifference.

47. Defendant Chastity Wilson, gross and wanton misconduct denied the plaintiff his rights under the Fourteenth Amendment to the United States Constitution to Equal Protections of the law.

48. Defendant Chastity Wilson, gross and wanton misconduct violated the plaintiff's rights under the Eighth Amendment to the United States Constitution to be free from "cruel and unusual punishment."

CAUSE V:

49. Paragraphs 1-48 are incorporated as if fully set forth herein.

50. Defendant Chastity Wilson, gross and wanton misconduct denied the plaintiff his right to Due Process of law.

51. Defendant Chastity Wilson, gross and wanton misconduct violated her duty under Alaska Department of Corrections policy regarding prisoner's requesting medical services. Plaintiff submitted three Medical RFI's 10/03/2019; 10/05/2019 and the last one dated 10/08/2019 was NEVER responded to, but was scanned. Her duty of care makes it incumbant that either she addresses the complaint or she delegates it to a subordinate. This she did not do, but choose to ignore plaintiff's multiple requests, and in taking no action, as her sworn duty mandates , under color of law, is deliberate indifference.

52. Defendant Chastity Wilson gross and wanton disregard for the plaintiff and his request to be seen by medical, caused plaintiff emotional distress and anxiety.

-6-

53. Defendant Chastity Wilson, gross and wanton misconduct was negligent and in violation of her duty under Alaska Department of Corrections Policy & Procedure #202.01 Code of Ethical Professional Conduct, by (once made aware) refusing to provide professional and compassionate service to the plaintiff, and AS 09.55.540.

## REQUESTED RELIEF

WHEREFORE, the plaintiff Jeremy Beebe, does pray the following relief:

54. Paragraphs 1-53 are incorporated as if fully set forth herein.

55. Plaintiff seeks DECLATORY JUDGMENT.

56. Plaintiff seeks, due to the defendants' gross and wanton misconduct, deliberate indifference, purposeful disregard for their duty of care, and gross negligence that the State Attorney General should refuse to represent them in this matter.

57. Plaintiff seeks and combined award of COMPENSATORY DAMAGES in the amount of $25,000.00 [TWENTY-FIVE THOUSAND DOLLARS]

58. Plaintiff seeks and combined award of PUNITIVE DAMAGES in the amount of $40.000.00 [FOURTY THOUSAND DOLLARS] this amount is meant as a deterrent against any future acts contemplated by the defendants' and the Alaska Department of Corrections that would result in the same gross and wanton, deliberate indifference of a future prisoner in like circumstances.

59. Plaintiff seeks an combined award of EXEMPLARY DAMAGES in the amount of $35.000.00 [THIRTY-FIVE THOUSAND DOLLARS]

60. Plaintiff further seeks any awards the court finds appropriate in this case.

61. Plaintiff prays relief.

DATED this 10th day of February, 2021.

By: _____
Jeremy Beebe
Plaintiff, pro se

-7-

Jeremy Beebe # 280866
Lemon Creek Correctional Center
2000 Lemon Creek Road
Juneau Alaska 99801

**CERTIFIED MAIL**

7003 2260 0007 2179 1751

"Return Receipt Requested"
Restricted Delivery

RECEIVED
MAY 17 2021
Attorney General's Office
Juneau

State of Alaska, D.O.C.
Office of the Attorney General
P.O. Box 110300
Juneau Alaska 99811-0300