TREG R. TAYLOR
ATTORNEY GENERAL

Andalyn Pace (Alaska Bar No. 1305025)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 258-0760
Email: andalyn.pace@alaska.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMY BEEBE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF ALASKA, DEPARTMENT ) <br> OF CORRECTIONS, et al., GERAD ) <br> ANDREWS, S.S. SGT. LCCC, ) <br> CHASTITY WILSON, Medical ) <br> Department Supervisor, LCCC, ) <br> ) <br> Defendants. ) | Case No.: 1:21-cv-00012-SLG <br><br> **ANSWER OF CHASTITY WILSON** |

Defendant Chastity Wilson answers the complaint in this action as follows:

**JURISDICTION AND VENUE**

1. Answering defendant is without sufficient information to admit or deny whether plaintiff's claimed injuries meet the jurisdictional limitations of the superior court of the State of Alaska.

2. Admit that venue is proper as to answering defendant. Without sufficient information to admit or deny as to whether venue is proper as to other defendants and whether they may be represented by the Attorney General's Office of the State of Alaska.

## PARTIES

3. Paragraphs 1-2 are incorporated as if fully set forth herein.

4. Without sufficient information to admit or deny.

5. This paragraph pertains to another defendant and does not require a response from answering defendant.

6. This paragraph pertains to another defendant and does not require a response from answering defendant.

7. Admit that answering defendant is a resident of the State of Alaska and is a registered nurse at the Lemon Creek Correctional Center in Juneau, Alaska. Deny that answering defendant held the position of Medical Supervisor and oversaw all medically related matters throughout Lemon Creek.

## STATEMENT OF THE CASE

8. Paragraphs 1-7 are incorporated as if fully set forth herein.

9. Without sufficient information to admit or deny.

10. Without sufficient information to admit or deny.

11. Without sufficient information to admit or deny.

12. Without sufficient information to admit or deny.

13. Without sufficient information to admit or deny.

14. Without sufficient information to admit or deny.

15. Without sufficient information to admit or deny.

16. Without sufficient information to admit or deny.

17. Without sufficient information to admit or deny.

18. Without sufficient information to admit or deny.

19. Without sufficient information to admit or deny.

20. Without sufficient information to admit or deny.

21. Without sufficient information to admit or deny.

22. Without sufficient information to admit or deny.

23. Without sufficient information to admit or deny.

24. Without sufficient information to admit or deny.

25. Without sufficient information to admit or deny.

26. Without sufficient information to admit or deny.

27. Deny.

28. Without sufficient information to admit or deny.

29. Admit that on 10/10/19 defendant Wilson answered a Request for Interview submitted by plaintiff informing him that he would be seen by medical. Deny all allegations of negligence or constitutional violations.

30. Admit. Deny all allegations of negligence or constitutional violations.

31. Admit that plaintiff submitted a Request for Medical Care dated 10/8/19. Deny that this request was not addressed. Deny all allegations of negligence or constitutional violations.

32. Without sufficient information to admit or deny information as to grievances LC19-65 and LC19-66. Deny plaintiff was not provided redress for injuries. Without sufficient information to admit or deny whether criminal charges were brought against the alleged assailant Matthew Williams.

## CAUSES OF ACTION

<u>Cause I:</u>

33. Paragraphs 1-32 are incorporated as if fully set forth herein.

35 (The Complaint skips paragraph 34). This paragraph is directed towards another defendant and does not require a response from answering defendant. Further, without sufficient information to admit or deny.

36 This paragraph is directed towards another defendant and does not require a response from answering defendant. Further, without sufficient information to admit or deny.

37 This paragraph is directed towards another defendant and does not require a response from answering defendant. Further, without sufficient information to admit or deny.

38      This paragraph is directed towards another defendant and does not require a response from answering defendant. Further, without sufficient information to admit or deny.

Cause II:

39      Paragraphs 1-38 are incorporated as if fully incorporated herein.

40      This paragraph is directed towards another defendant and does not require a response from answering defendant. Further, without sufficient information to admit or deny.

41      This paragraph is directed towards another defendant and does not require a response from answering defendant. Further, without sufficient information to admit or deny.

42      This paragraph is directed towards another defendant and does not require a response from answering defendant. Further, without sufficient information to admit or deny.

43      This paragraph is directed towards another defendant and does not require a response from answering defendant. Further, without sufficient information to admit or deny.

44      This paragraph is directed towards another defendant and does not require a response from answering defendant. Further, without sufficient information to admit or deny.

Cause III:

45     Paragraphs 1-44 are incorporated as if fully set forth herein.

46     Deny.

47     Deny.

48     Deny.

Cause V (there is no Cause IV):

49     Paragraphs 1-48 are incorporated as if fully set forth herein.

50     Deny.

51     Deny.

52     Deny.

53     Deny.

## REQUESTED RELIEF

54     Paragraphs 1-53 are incorporated as if fully set forth herein.

55     This does not require a response from answering defendant.

56     Deny all allegations of gross and wanton misconduct, deliberate indifference, purposeful disregard of duty of care, and gross negligence.

57     This paragraph consists of plaintiff's request for damages and does not require a response from answering defendant.

58     This paragraph consists of plaintiff's request for damages and does not require a response from answering defendant.

59      This paragraph consists of plaintiff's request for damages and does not require a response from answering defendant.

60      This paragraph consists of plaintiff's request for damages and does not require a response from answering defendant.

61      This paragraph consists of plaintiffs request for relief and does not require a response from answering defendant.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims against defendant Wilson are barred by one or more doctrines of immunity.

3.      Plaintiff's claims may, in part, be subject to certification and substitution under AS 09.50.253.

4.      Plaintiff has failed to exhaust his administrative remedies.

5.      Plaintiff's harm may have been caused in whole or in part by plaintiff's own conduct and/or the conduct of others for whose conduct defendant Wilson is not responsible. Defendant Wilson is entitled to apportionment of fault under AS 09.17.080.

6.      Plaintiff's claims may be barred to the extent that they arise out of an individually named state employee's performance of discretionary acts; each act done or statement made by the state's officers, employees, and agents with respect to the matters at issue was a good faith assertion of their rights and therefore was justified or privileged.

7. Each act done or statement made by defendant Wilson with respect to the matters at issue was objectively reasonable under the circumstances.

8. Each act done or statement made by defendant Wilson with respect to the matters at issue was justified in whole or in part as reasonable and necessary to achieve various penological goals.

9. To the extent plaintiff claims damages under 42 U.S.C. § 1983 against defendant Wilson in her official capacity those claims are barred. The state, state agencies, and state employees sued in their official capacity are not "persons" within the meaning of the statute.

10. Plaintiff's claims for punitive damages against the state, the state's instrumentalities, or any state employees acting in their official capacity are barred under AS 09.50.280.

11. Plaintiff has failed to mitigate damages.

12. Plaintiff's alleged injuries and damages may have been the result of pre-existing injuries or subsequent accidents or conditions for which defendant Wilson cannot be held liable.

13. To the extent plaintiff may have received any compensation for his alleged damages from collateral sources that do not have a right of subrogation by law or contract, defendant Wilson is entitled to introduce evidence of said collateral benefits pursuant to the provisions of AS 09.17.070.

14. To the extent plaintiff may have received any compensation for his alleged damages from collateral sources that do have a right of subrogation by law or contract and which have instructed plaintiff not to pursue subrogation for them, defendant Wilson is entitled to introduce evidence of such compensation and deduct such amount from any recovery plaintiff may receive.

15. Defendant Wilson reserves the right to assert additional defenses and other matters as the case proceeds.

## PRAYER FOR RELIEF

Defendant Wilson seeks the following relief:

1. That the complaint be dismissed in its entirety with prejudice.

2. That the plaintiff's prayer for relief be denied.

3. That defendant Wilson be awarded her costs and fees in the action.

4. That the Court award defendant Wilson such other relief as may be just and equitable under the circumstances.

DATED: June 23, 2021.

TREG R. TAYLOR
ATTORNEY GENERAL

By: s/Andalyn Pace/
Andalyn Pace
Assistant Attorney General
Alaska Bar No. 1305025
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Facsimile: (907) 258-0760
Email: andalyn.pace@alaska.gov
Attorney for Defendants

<u>Certificate of Service</u>

I certify that on June 23, 2021 the foregoing **Answer of Chastity Wilson** was served via mail:

Jeremy C. Beebe
Lemon Creek Correctional Center
2000 Lemon Creek Road
Juneau, AK  99801

<u>s/Andalyn Pace/</u>
Andalyn Pace, Assistant Attorney General