**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

JEREMY BEEBE,

                Plaintiff,

      v.

JERROD ANDREWS, S.S. SGT. LCCC, *et al.*,[1]

                Defendants.

Case No. 1:21-cv-00012-SLG

## ORDER RE: DISCOVERY MOTIONS

Before the Court is Plaintiff's Motion to Compel at Docket 29. Defendants responded in opposition at Docket 30. Plaintiff did not file a reply.

Also before the Court is Defendants' Motion for Protective Order at Docket 31. Plaintiff did not file a response.

### I.      Plaintiff's Motion to Compel

At Docket 29, Plaintiff requests "all videos of incident at Gate 4 and booking video of Beebe after assault before being placed in max unit."[2] Plaintiff alleges that the video Defendants have produced to him is incomplete. Defendants oppose Plaintiff's motion on the grounds (1) the motion does not comply with Federal Rule of Civil Procedure 37 or the Court's Scheduling Order, because it fails to certify a good faith attempt to resolve the

---

[1] The Court amends the caption to reflect the correct spelling of Defendant Andrews' first name. *See* Docket 6.

[2] Docket 29 at 1.

dispute; and (2) the motion is moot, because the requested video was sent to FCI Sheridan where Plaintiff is housed on January 5, 2022.[3]

Rule 37 of the Federal Rules of Civil Procedure provides a mechanism for a litigant to request the Court to compel discovery when the parties cannot resolve the dispute themselves. Rule 37 and the Court's Scheduling Order mandate that before a party moves to compel discovery that party must (1) make a good faith attempt to resolve the dispute; and (2) certify the good faith attempt in any motion to the Court.[4]

Plaintiff's motion does not include a certification of a good faith attempt to resolve the dispute. Additionally, Defendants indicate they have provided the video requested, making this motion moot. Because Plaintiff's motion does not comply with Rule 37 or the Court's Scheduling Order and the requested relief is moot, the motion at Docket 29 is DENIED.

## II.     Defendants' Motion for Protective Order

At Docket 31, Defendants request a protective order under Federal Rule of Civil Procedure 26(c). Defendants maintain that they have attempted to confer with Mr. Beebe to no avail.[5] Plaintiff did not file any response to this motion.

In summary, Defendants allege that discovery in this matter contains a significant number of confidential Department of Corrections' (DOC) records, including medical records, records of non-party inmates, and digital recordings that show Plaintiff, other inmates, and DOC performing routine activities and operations. Counsel for Defendants asserts that on October 26, 2021, Plaintiff "asked if everything in this case could be sent to

---

[3] Docket 30 at 1–3; see also Dockets 30-3 & 30-4.

[4] Fed. R. Civ. P. 37(a); Docket 17 at Section 4(a).

[5] Docket 31 at 2.

Case No. 1:20-cv-00012-SLG, *Beebe v. Andrews, et al.*
Order Re: Discovery Motions
Page 2 of 5

an inmate who he worked with at the DOC facility where he had been housed because that inmate is a paralegal and basically wrote his complaint."[6]  Subsequently, Defendants' former counsel was contacted by Kathy Jo Blackburn, Plaintiff's sister, regarding motions and interrogatories, because she had been in contact with Jack L. Earl, Jr., a prisoner currently in DOC custody, who has been trying to help Plaintiff.  Defendants' former counsel also received a phone call from Mr. Earl inquiring about this case.  Additionally, Plaintiff previously requested to receive discovery at FCI Sheridan, but now requests discovery be sent to a third-party address in Wrangell, Alaska.  Citing to these communications, Defendants raise concern that Plaintiff will share discovery with Mr. Earl, either directly or through a third-party, such as Ms. Blackburn.  Defendants assert that any such sharing of discovery with a DOC inmate raises (1) safety and security concerns for the DOC; (2) implicates the privacy interests of non-parties to this action; and (3) violates both DOC and federal Bureau of Prisons policies on inmate communication.[7]

Federal Rule of Civil Procedure 26(c) provides a mechanism to limit the discovery process.  Pursuant to that rule, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  A court may enter a protective order with a variety of restrictions, including forbidding disclosure, specifying the terms of disclosure, prescribing a discovery method, or designating who may be present while discovery is conducted.[8]  In order to grant a protective

---

[6] Docket 31 at 3; *see also* Dockets 31-3 & 31-4.

[7] Docket 31 at 3–6; Dockets 31-3 at 4; *see also Alaska Dep't. of Corr. Pol'y & Proc.* 810.03(IV)(C) & (V)(H–J); 28 C.F.R. § 540.17.

[8] Fed. R. Civ. P. 26(c)(1).

Case No. 1:20-cv-00012-SLG, *Beebe v. Andrews, et al.*
Order Re: Discovery Motions
Page 3 of 5

order, a court must evaluate whether good cause exists for the restrictions imposed.[9]  To establish good cause, the moving party must demonstrate a specific prejudice or harm will result without the protective order.[10]

As a threshold matter, Plaintiff did not respond to Defendants' motion, which permits the Court to deem the motion "as well-taken."[11]  Regardless of Plaintiff's position, the Court finds good cause to issue the requested protective order.

First, the discovery in this matter contains records and digital disclosures that implicate the privacy of non-party prisoners and DOC staff.  While the records and disclosures that implicate non-parties appear relevant to the litigation, the privacy interests of these non-party individuals cannot be waived by either Plaintiff or Defendants.

Second, the video disclosures in this case show the routine operations of a secure facility.  Defendants argue that third party access to these recordings creates a security risk for DOC staff and prisoners. This is especially true if the third-party in question is a prisoner within the DOC system.

Third, the communications from Plaintiff, Mr. Earl, and Ms. Blackburn to Defendants' current and former counsel support the allegation that Plaintiff intends to share and distribute the disclosed discovery materials to non-parties to this case.  Furthermore, Mr. Earl's contact with the Court bolsters the concern that Plaintiff, Mr. Earl, and Ms. Blackburn may attempt to circumnavigate both state and federal corrections policies in order to share Plaintiff's

---

[9] *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Phillips v. Gen. Motors*, 307 F.3d 1206, 1212 (9th Cir. 2002).

[10] *Id.*

[11] Local Civil Rule 7.1(h) (failing to respond to a non-dispositive motion may deem it as well taken and subjects the motion to a summary ruling by the court).

discovery materials.[12]

Lastly, Defendants' requested relief is narrow and only prohibits Plaintiff from duplicating or releasing any protected discovery materials to anyone other than a licensed attorney, should Plaintiff be represented by counsel in the future.

The Court finds that Defendants has alleged sufficient specific harms to the privacy interests of non-parties and the security of DOC facilities. The Court finds a high likelihood that without a protective order, Plaintiff may improperly disclose confidential discovery materials to third parties. Protecting the privacy of other prisoners and ensuring prison safety are both sufficient reasons to limit discovery and support a protective order in this action.[13] Therefore, Defendants have shown good cause for a protective order, and Defendant's Motion for Protective Order at Docket 31 is GRANTED.

**IT IS THEREFORE ORDERED**:

1. The Clerk of Court shall amend the caption of this action to reflect the proper spelling of Defendant Andrews' first name.

2. Plaintiff's Motion to Compel at Docket 29 is **DENIED**.

3. Defendants' Motion for Protective Order at Docket 31 is **GRANTED**. The Court shall issue a Protective Order separately.

DATED this 3rd day of March, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[12] *See* Dockets 28, 33, 36.

[13] *Randle v. Franklin*, No. CV 1-08-00845-JAT, 2010 WL 3069205, at *3 (E.D. Cal. Aug. 3, 2010); *see also Ibanez v. Miller*, No. CIVS-06-2668JAM EFBP, 2009 WL 3481679, at *3 (E.D. Cal. Oct. 22, 2009).

Case No. 1:20-cv-00012-SLG, *Beebe v. Andrews, et al.*
Order Re: Discovery Motions
Page 5 of 5